**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Sena London, | |
| Plaintiff, | No. 1:25-CV-01313 |
| v. | Judge Edmond E. Chang |
| Department of Veteran Affairs, Stephanie Sleister, and Naurice Johnson, | |
| Defendants. | |

**ORDER**

Sena London sues the Department of Veteran Affairs and two of its employees, alleging that there have been issues processing London's documents and with the provision of employment counseling. R. 1, Compl. at 1.[1] The government moves to dismiss for failure to state a claim. R. 13, Def.'s Mot.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, London fails to state a claim. The complaint contains bare-bones allegations that lack any detail or concrete facts to support London's suit. *See* Compl. at 1. London alleges—with conclusory labels—that the two named employees breached their duties, retaliated against London, and failed to respond to London. *Id.* But London does not allege what the employees actually *did*, let alone when or why they took

---

[1]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1346(b)(1).

those actions. London also alleges that the Department's employees asked London to file the same documents for over a year; failed to provide counseling or employment help; and took excessive leave. *Id.* But without further detail explaining the context of these actions, these allegations are too conclusory to state a legal claim. Finally, London alleges that the Department of Veteran Affairs refused to update their legal name. *Id.* This claim might now be moot because the Department has processed London's name change. R. 16, Pl.'s Resp. Br. at 2. In any event, this allegation again contains insufficient detail to state a claim. London does not explain when they requested a name change, in what context the change was refused, or any other details necessary to show that London has a cause of action against the government.

London's response brief provides more factual detail about these events. Pl.'s Resp. Br. at 2. But because those details are not included in the complaint, the Court cannot consider them. *See Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 845 (N.D. Ill. 2021). The complaint is thus dismissed for failure to state a claim.

That said, the dismissal is without prejudice for now. London has not had an opportunity to amend the complaint. And based on London's response brief, it appears that there are factual allegations that might clarify the claims. If London wishes to file an amended complaint, then it is due on April 13, 2026. If no amended complaint is filed on by the deadline, then the case will be dismissed with prejudice.

The Court briefly addresses the government's other arguments to provide guidance to both parties if London chooses to file an amended complaint. *See* Def.'s Mot. at 2; R. 18, Def.'s Reply Br. at 2–3. London alleges negligent behavior, *see* Pl.'s Resp. Br. at 1, which sounds in tort. Tort claims against the federal government are governed by the Federal Tort Claims Act, *see* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), which requires administrative exhaustion before plaintiffs can bring suit in federal court, 28 U.S.C. § 2675(a). London's complaint does not allege administrative exhaustion of any claims. *See* Compl. at 1. But because exhaustion is an affirmative defense, and London has "no obligation to allege facts negating an affirmative defense" in the complaint, failure to exhaust is not a basis for dismissal under Civil Rule 12(b)(6). *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Still, London should seriously consider whether the exhaustion requirement has been met before filing an amended complaint with tort claims against the government.

Also, "[t]he only proper defendant in [a Federal Tort Claims Act] action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). So if London files

an amended complaint with tort claims, the United States should be named as the defendant—not the Department of Veteran Affairs, nor the individual employees. *See id.*; *see also Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). If London wishes to bring a different cause of action against the individual employees in an amended complaint, then those employees must be properly served. *See* Def.'s Reply Br. at 3.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2026

3